IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Susana Castro, individually and on behalf of all others similarly situated, | Case No.: 1:25-CV-09570 |
| Plaintiff, | Hon. Lindsay C. Jenkins |
| v. | |
| BESTWAY (USA) Inc., | |
| Defendant. | |

**PLAINTIFF'S MOTION PURSUANT TO LOCAL RULE 40.4
TO REASSIGN CASE AS RELATED**

Plaintiff Susana Castro ("Plaintiff"), by and through her undersigned counsel, hereby moves, pursuant to Northern District of Illinois Local Rule 40.4 for entry of an Order determining that: (i) the action styled *Brandi Jamison v. Polygroup North America, Inc. and Polygroup Services N.A. Inc.*, No. 1:25-CV-10222 (the "*Jamison* Action") currently pending before the Honorable Jeremy C. Daniel in the Northern District of Illinois is related to this matter, *Susana Castro v. Bestway (USA) Inc.*, No. 1:25-CV-09570 (the "*Castro* Action") and (ii) that the *Jamison* Action be reassigned to the docket of the Honorable Lindsay C. Jenkins. Both cases challenge the adequacy of the July 21, 2025 Consumer Product Safety Commission ("CPSC") recall[1] and its proposed remedy—a rope 'repair kit'—and seek relief for overlapping nationwide classes of purchasers of the same product type—above-ground pools.

---

[1] https://www.cpsc.gov/Recalls/2025/Bestway-Intex-and-Polygroup-Recall-Certain-Above-Ground-Pools-48-Inches-and-Taller-Due-to-Drowning-Hazard-Nine-Deaths-Reported-Five-Million-Pools-Sold-Since-2002 (hereinafter the "Recall").

This Motion is submitted with the consent of Plaintiff Jamison, by and through her counsel, and filed in the lowest-numbered case for which reassignment of all cases is appropriate. Counsel is also filing a notice of this Motion in the *Jamison* Action. Pursuant to this Court's procedures, the parties have conferred and agreed to the following briefing schedule: Defendant shall have fourteen (14) days from the date of filing to submit their opposition, and Plaintiff shall have seven (7) days thereafter to file her reply.

Plaintiff's Motion should be granted for the reasons set forth below.

### I. ARGUMENT

**A. Pursuant to Local Rule 40.4, Reassignment of the *Jamison* Action is Proper**

Local Rule 40.4 allows for reassignment of related cases to "promote efficient use of judicial resources and minimize duplication of efforts that have a great deal in common." *Global Patent Holdings, LLC v. Green Bay Packers, Inc.*, No. 00 C 4623, 2008 WL 1848142, at *6 (N.D. Ill. Apr. 23, 2008). Reassignment is proper where the requirements of Local Rule 40.4(a) and 40.4(b) are satisfied. *River Vill. W. LLC v. Peoples Gas Light and Coke Co.,* No. 05-cv-2103, 2007 WL 541948, at *2-3 (N.D. Ill. Feb. 14, 2007). The Seventh Circuit has noted the importance of reassignment in cases presenting overlapping issues, like here. *See, e.g.*, *Sha-Poppin Gourmet Popcorn, LLC v. JP Morgan Chase Bank, N.A.*, No. 20 CV 2523, 2020 WL 8367421, at *7 (N.D. Ill. Sep. 4, 2020) (citing *Smith v. Check-N-Go of Ill., Inc.*, 200 F.3d 511, 513 n.*[sic] (7th Cir. 1999); *Blair v. Equifax Check Servs.*,181 F.3d 832, 839 (7th Cir. 1999) ("[b]y far the best means of avoiding wasteful overlap when related suits are pending in the same court is to consolidate all before a single judge.").

2

i. *Factors on Relatedness Under Local Rule 40.4(a)*

Pursuant to Local Rule 40.4(a) ("LR 40.4(a)"), two or more civil cases may be related if one or more of the following conditions are met:

a. the cases involve the same property;

b. the cases involve some of the same issues of fact or law;

c. the cases grow out of the same transaction or occurrence; or

d. in class action suits, one or more of the classes involved in the cases is or are the same.

LR 40.4(a) does not require the complete identity of the issues for the cases to be related. *Murry v. America's Mortg. Banc, Inc.*, No. 03 C 5811, 2004 WL 407010, at *6 (N.D. Ill. Feb. 27, 2004). Similarly, courts find relatedness in class actions in which the parties—defendants or plaintiffs have differed—yet raise common legal and factual issues, while the class definitions do not materially differ. *See, e.g.*, *Sha-Poppin Gourmet Popcorn, LLC*, 2020 WL 8367421, at *1; *Global Patent Holdings, LLC*, 2008 WL 1848142, at *3; *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, No. 02 C 5893, 2003 WL 21011757, at *1 (N.D. Ill. May 5, 2003).

On August 12, 2025, the *Castro* Action was filed in the Northern District of Illinois and assigned to the Honorable Lindsay C. Jenkins. On August 26, 2025, the *Jamison* Action was filed in the Northern District of Illinois and assigned to the Honorable Jeremy C. Daniel.

Both the *Castro* Action and the *Jamison* Action arise out of the same CPSC Recall announced on July 21, 2025, involving Bestway-branded and Polygroup-branded above-ground pools 48 inches and taller sold between 2008 and 2024, and 2006 and June 2025, respectively, which the plaintiffs in the *Castro* and *Jamison* Actions allege is inadequate and insufficient.

The Bestway-branded pools in the *Castro* Action and the Polygroup-branded pools in the *Jamison* Action contain the same alleged defective and dangerous design—compression straps

located external to the pools' vertical support poles ("Defect")—design elements that created an accessible foothold for toddlers to climb into the pool, even when the ladder is removed, resulting in fatal drownings as a direct result of this hazard.

Likewise, the Bestway-branded pools in the *Castro* Action, and the Polygroup-branded pools in the *Jamison* Action, are subject to the same "repair kit," which plaintiffs in both the *Castro* and *Jamison* actions allege is wholly inadequate and ineffective.

In addition to allegations that the "repair kit" was an inadequate and ineffective remedy for the Defect and presented new hazards to consumers, both the *Castro* Action and the *Jamison* Action allege that the Recall was announced far too late and the Recall failed to recall the entire pool or provide any monetary remedy to consumers.

Thus, both the *Castro* Action and the *Jamison* Action allege that Bestway and Polygroup wholly failed to deliver safe pools to consumers, failed to provide adequate warnings about safety hazards, and offered an inadequate and ineffective recall that fails to provide consumers with proper relief. *See e.g., Helferich Patent Licensing, LLC v. N.Y. Times Co*., No. 10-cv-04387, 2012 WL 1368193, at * 2 (N.D. Ill. Apr. 19, 2012); *Global Patent Holdings, LLC*, 2008 WL 1848142, at *3 ("Two cases need not be absolutely identical to be suitable for reassignment under Rule 40.4.").

As a result, the *Jamison* Action involves allegations of nearly identical facts and claims for relief. It arises from the same transactions and occurrences pending in the *Castro* Action and should therefore be related pursuant to Local Rule 40.4(a). A copy of the complaint in the *Jamison* Action is attached as **Exhibit A**.

4

### ii. *Factors on Judicial Efficiency Under Local Rule 40.4(b)*

Once relatedness is determined under one of the requirements of LR 40.4(a), all four of the following criteria under Local Rule 40.4(b) must be satisfied for reassignment:

a. both cases are pending in this Court;

b. the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;

c. the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and

d. the cases are susceptible of disposition in a single proceeding.

LR 40.4(b).

Two of the four criteria are not at dispute: (i) both actions, the *Jamison* Action and the *Castro* Action are pending before the Northern District of Illinois; and (ii) the finding of relatedness will not likely delay any of the actions because neither has progressed beyond the filing of the complaints—no dispositive motions or briefs have been filed in any of the actions.

The reassignment of the *Jamison* Action and the *Castro* Action will likely result in judicial efficiency for the following reasons:

e. The complaints filed have essentially the same factual backgrounds and causes of action;

f. The actions arise from the ***joint*** Recall notified on July 21, 2025, regarding the same product type, above-ground pools with identical Defects, resulting in the same life-threatening, drowning hazard.

g. Additionally, both defendants offered the same remedy to the Defect—"repair kits" comprised of a rope, without any monetary relief or proper compensation.

h. As such, the plaintiffs in both actions seek similar damages and remedies, for which their counsel, in agreement, request this reassignment.

i. The reassignment would likely result in a substantial saving of judicial time and effort as the claims and facts are essentially duplicative. Analyzing the two complaints by two judges "will require considerable duplicative efforts" and "tread much, if not all, the same ground." *Sha-Poppin Gourmet Popcorn, LLC*, 2020 WL

8367421, at *8-9. Moreover, because the actions rise and fall on the same issue (whether the pools contain a defect for which a repair kit is an insufficient remedy for purchasers), having one judge decide this issue avoids the possibility of inconsistent rulings.

As for the single proceedings prong, the plaintiffs allege that the duplicative nature of the factual and legal allegations in their respective actions allow for a single proceeding. Also, the actions have not progressed further than the complaints filed. Thus, neither will be substantially delayed, and no parties will be prejudiced.

Thus, all requirements under Local Rule 40.4 are satisfied.

## II. CONCLUSION

For the foregoing reasons, Plaintiff Castro respectfully requests that the Court enter an Order finding that the *Jamison* Action is related to the *Castro* Action and reassigning the *Jamison* Action to the docket of the Honorable Judge Jenkins.

Dated: October 2, 2025 By: /s/ *Kevin Laukaitis*
Kevin Laukaitis
María de los Á ngeles Lugo Colom
Daniel Tomascik
**LAUKAITIS LAW LLC**
954 Avenida Ponce De Leon
Suite 205, #10518
San Juan, PR 00907
T: (215) 789-4462
klaukaitis@laukaitislaw.com
dtomascik@laukaitislaw.com
mcolom@laukaitislaw.com

Mason A Barney
Leslie Pescia
**SIRI & GLIMSTAD LLP**
745 Fifth Ave., Suite 500
New York, NY 10151
Phone: (212) 532-1091
mbarney@sirillp.com
lpescia@sirillp.com

*Attorneys for Plaintiff and the Proposed Class*