UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: BESTWAY ABOVE-GROUND POOLS LITIGATION | Master File No. 1:25-cv-09570 <br><br> **ORDER APPOINTING INTERIM CLASS COUNSEL** <br><br> Judge: Hon. Lindsay C. Jenkins |

WHEREAS, the following cases are consolidated pursuant to Minute Entry dated November 6, 2025 (ECF No. 29):

    a.    *Susana Castro v. Bestway (USA) Inc.*, No. 1:25-cv-09570;

    b.    *Piceno et al. v. Bestway USA Inc. et al.,* No. 1:25-cv-12315;

    c.    *Holloway v. Bestway USA, Inc. et al.,* No. 1:25-cv-12853; and

    d.    *Hill et al. v. Bestway (USA) Inc.*, No. 1:25-cv-13422.

WHEREAS the consolidated action is captioned "*In Re: Bestway Above-Ground Pools Litigation*" (the "Consolidated Action").

WHEREAS, pursuant to Federal Rule of Civil Procedure 23(g)(3), Plaintiffs in the Consolidated Action jointly move for the appointment of Interim Co-Lead Counsel (ECF No. 31).

WHEREAS, after carefully reviewing the motion, supporting materials and the record in the Consolidated Action, and noting that all Plaintiffs' counsel consent to the proposed structure, and Defendants do not contest the motion, the Court finds that appointment of interim class counsel is appropriate to promote efficiency, coordination and the fair representation of the putative class during pre-certification proceedings.

WHEREAS, based upon these considerations, and good cause appearing, the Court finds that the proposed Interim Co-Lead Counsel satisfy the requirements of Rule 23(g) and are well

qualified to serve the interests of the putative class.

Accordingly, the Court ORDERS the following appointment of Interim Co-Lead Counsel :

1. **<u>Interim Co-Lead Class Counsel</u>:** Rachel Soffin of Pearson Warshaw, LLP and Kevin Laukaitis of Laukaitis Law LLC; and

2. **<u>Executive Committee</u>:** Leslie Pescia of Siri Glimstad LLP; Nick Suciu III of Bryson Harris Suciu & DeMay PLLC; Charles D. Moore of Reese LLP; Jason P. Sultzer of Sultzer & Lipari PLLC; and Alec Schultz of Hilgers Graben PLLC.

Interim Co-Lead Counsel must assume responsibility for the following duties during all phases of this Consolidated Action:

a. Coordinating the work of preparing and presenting all of Plaintiffs' claims and otherwise coordinating all proceedings, including organizing and supervising the efforts of Plaintiffs' counsel in a manner to ensure that Plaintiffs' pretrial preparation is conducted effectively, efficiently, expeditiously and economically;

b. Delegating work responsibilities and monitoring the activities of all Plaintiffs' counsel in a manner to promote the orderly and efficient conduct of this Consolidated Action and to avoid unnecessary duplication and expense;

c. Calling meetings of Plaintiffs' counsel for any appropriate purpose, including coordinating responses to questions of other parties or of the Court, and initiating proposals, suggestions, schedules and any other appropriate matters;

d. Determining (after consultation with other co-counsel as may be appropriate) and presenting (in briefs, oral argument or such other fashion as the designee to the Court and opposing parties the position of the Plaintiffs on all matters arising

|   |   |
|---|---|
|   | during pretrial (and, if appropriate, trial) proceedings; |
| e. | Serving as the primary contact for all communications between Plaintiffs and Defendants, and acting as spokespersons for all Plaintiffs *vis-à-vis* Defendants and the Court; |
| f. | Directing and executing on behalf of Plaintiffs the filing of pleadings and other documents with the Court; |
| g. | Appearing at all court hearings and conferences regarding the Consolidated Action as most appropriate for effective and efficient representation, and speaking for Plaintiffs at all such hearings and conferences; |
| h. | Receiving and initiating communication with the Court and the Clerk of the Court (including receiving orders, notices, correspondence and telephone calls) and dispensing the content of such communications among Plaintiffs' counsel; |
| i. | Initiating and conducting discussions and negotiations with counsel for Defendants on all matters, including settlement; |
| j. | Negotiating and entering into stipulations with opposing counsel as necessary for the conduct of the Consolidated Action; |
| k. | Initiating, coordinating and conducting all discovery on Plaintiffs' behalf and ensuring its efficiency; |
| l. | Selecting, consulting with and employing experts for Plaintiffs, as necessary; |
| m. | Encouraging and enforcing efficiency among all Plaintiffs' counsel; |
| n. | Assessing Plaintiffs' counsel for the costs of the Consolidated Action; |
| o. | Preparing and distributing periodic status reports to the Court and to the parties as ordered; |

p. Developing and recommending for Court approval practices and procedures pertaining to attorneys' fees and expenses and, on an ongoing basis, monitoring and administering such procedures. At such time as may be appropriate, Interim Co-Lead Counsel also will determine apportionment and allocation of fees and expenses subject to Court review of any disputes; and

q. Performing such other duties as are necessary in connection with the prosecution of this Consolidated Action or as may be further directed by the Court; and

r. Otherwise taking any steps necessary to ensure the just, speedy and efficient prosecution of this Consolidated Action in accordance with Fed. R. Civ. P. 23(g)(4).

The Executive Committee shall assist Interim Co-Lead Counsel in executing these duties, contribute to strategic decision-making and perform assigned tasks to advance the interests of the putative class efficiently and without duplication of effort. Executive Committee members are expected to work closely with Interim Co-Lead Counsel to perform significant duties and responsibilities related to this Consolidated Action.

This leadership structure reflects the Court's determination that the appointed counsel possess the requisite experience, resources and demonstrated ability to fairly and adequately represent the proposed class. Nothing in this Order precludes the Court from modifying the structure upon good cause shown, nor does it bear on any future decision concerning class certification under Rule 23(c).

IT IS SO ORDERED.

Dated: November 13, 2025

Lindsay C. Jenkins

4